1

2

3

4                              UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7     JOHN DOE,                                    Case No. 21-mc-80101-CRB (DMR)

8                         Plaintiff,

9             v.                                   **ORDER GRANTING MOTION TO QUASH**

10    DOUGLAS JAE WOO KIM,                          Re: Dkt. Nos. 2, 11, 15, 24

11                        Defendant.

12            John Doe ("Doe") seeks to quash a subpoena served by Jae Woo Kim ("Kim").  Kim

13    served the subpoena in connection with a civil fraud suit pending before the Honorable Barbara J.

14    Rothstein of the Western District of Washington in which Kim is the defendant.  *See Josh Klein et*

15    *al. v. Douglas Jae Woo Kim*, 20-cv-1628-BJR (W.D. Wash) ("*Klein*").  Doe, who resides in this

16    district, filed this miscellaneous matter seeking to quash the subpoena.  The matter was then

17    related to a criminal case against Kim pending in this district before the Honorable Charles R.

18    Breyer.  *See United States of America v. Douglas Jae Woo Kim*, 21-cr-0164-CRB (N.D. Cal.)

19    ("*U.S. v. Kim*").  On June 3, 2021, Judge Breyer referred Doe's motion to quash to the

20    undersigned.  [Docket No. 18.]  The parties filed a joint discovery letter to address the dispute.

21    *See* Joint Discovery Letter ("JDL") [Docket No. 24.]  Having considered the parties' submissions

22    and oral argument, the court grants Doe's motion to quash.

23    **I.      BACKGROUND**

24            In *Klein*, plaintiffs Josh Klein and Covalence Capital Fund I, LP filed a civil action for

25    breach of contract and fraud against Kim for alleged misrepresentations Kim made in connection

26    with loans that he obtained from them.  According to the operative complaint, the *Klein* plaintiffs

27    are cryptocurrency investors who made a number of loans to Kim.  *Klein*, ECF No. 15 ¶¶ 8, 14-15.

28    They allege that Kim failed to repay several loans but induced them to loan him additional funds

1    to finance his cryptocurrency activities.  *Id.* ¶¶ 21-28.  To date, Kim has not repaid his outstanding

2    loans.  *Id.* ¶ 43.  The *Klein* plaintiffs seek to recover their unpaid principal, interest, and late fees

3    under the terms of their loans to Kim.  *Id.* at "Request for Relief."

4    In this district, the United States is prosecuting Kim for one count of criminal wire fraud

5    related to his cryptocurrency activities.  According to the indictment, Kim allegedly represented

6    himself as a cryptocurrency trader, requested loans to trade cryptocurrency, and told investors that

7    he would repay the loans with high rates of return.  *U.S. v. Kim*, ECF No. 30.  Instead, Kim

8    allegedly appropriated the investments for his own personal use, including transferring all or some

9    of the assets to online gambling sites.  *Id.*  In the original criminal complaint, Doe is identified as a

10   victim of Kim's allegedly fraudulent activities and denoted as "VICTIM 2."  JDL at 1; *see U.S. v.*

11   *Kim*, ECF No. 1 ¶¶ 18-31.  Doe is allegedly a prominent venture capitalist who loaned money to

12   Kim.  [Docket No. 15.]

13   On April 2, 2021, Kim issued a subpoena to Doe in connection with the *Klein* litigation.

14   *See* JDL Ex. A.  The subpoena commanded Doe to appear for a video deposition and requested

15   documents relating to Doe's prior transactions with Kim.  *Id.*  The parties reached an agreement on

16   eight of Kim's eleven document requests.  JDL at 1.  The parties continue to dispute the notice of

17   deposition and three remaining document requests (Nos. 3, 5, and 6), which seek documents

18   relating to communications between Doe and two of his business associates—one of whom is also

19   a victim in the criminal matter—and with law enforcement.  *See id.* at 2.

20   On April 26, 2021, Doe filed a motion to quash the subpoena.  [Docket No. 1.]  The court

21   denied the motion without prejudice and ordered the parties to submit the matter as a joint

22   discovery letter pursuant to the court's standing order on discovery.  [Docket No. 8.]  On August

23   12, 2021, the court held a hearing on the joint discovery letter.  The court ordered Doe to obtain

24   specific information in *Klein*, to be followed by a supplemental joint letter which the parties filed.

25   [Docket Nos. 26-27.]  The motion is now ripe for resolution.[1]

26

27   _____

[1] Doe also moved to proceed pseudonymously.  While Kim opposed Doe's request in the joint
discovery letter, he did not oppose it at the hearing.  Accordingly, for the reasons stated on the
28   record at the hearing, the court granted the motion to proceed under a pseudonym.  Min. Order of
Aug. 12, 2021 [Docket No. 26]. Doe also filed and re-filed a motion to seal the subpoena, seeking

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena.  The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b).  Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").  Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

Rule 45 provides that "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).  "Of course, 'if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition undue.'" *Del Campo v. Kennedy*, 236 F.R.D. 454, 458 (N.D. Cal. 2006) (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)).  "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales*, 234 F.R.D. at 680.  The party who moves to quash a subpoena bears the "burden of persuasion." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

---

to redact his name and the name of another individual. [Docket Nos. 2, 15].  Kim did not oppose. The motion to seal is granted.

### III.    DISCUSSION

The parties dispute whether Doe's deposition testimony and documents are relevant to the *Klein* litigation, and if so, whether the subpoena is unduly burdensome.  Doe argues that the alleged conduct by Kim underlying the civil allegations in *Klein* and the criminal allegations in *U.S. v. Kim* "do not overlap," because each case involves separate incidents of fraud by Kim against different victims.  JDL at 1.  Therefore, any testimony or evidence from Doe (a victim in the criminal prosecution) is irrelevant to the *Klein* case, which does not involve Doe.  *Id.* at 2.  Doe also argues that the requested discovery is unduly burdensome.  *Id.* at 3.  Kim counters that the subpoenaed material is relevant to his defense to the allegations in *Klein* that Doe and other individuals were victims in a "scheme" to defraud.  *Id.* at 4.  Kim also asserts that the discovery is relevant to his defenses on intent and misrepresentation.  *Id.* at 5.

At the hearing, the court expressed skepticism about the relevance of Doe's information to the *Klein* litigation, given the tenuous connections Kim made between the two.  In order to gain clarity, the court asked whether the *Klein* plaintiffs intend to use any information about Doe in their case.  To obtain the answer, the litigants were ordered to meet and confer to craft appropriate interrogatories for Kim to serve on the *Klein* plaintiffs, and to file a status report thereafter.

On August 20, 2021, Kim served interrogatories on the *Klein* plaintiffs asking whether they intend to use any information from Doe (referred to as "Victim 2") or intend to call him as a witness in that litigation.  Joint Status Report ("Status Report") Ex. A. [Docket No. 27.].[2]  On August 27, the *Klein* plaintiffs responded that they did not know Doe, were not seeking discovery from him, and did not intend to rely on any of Doe's testimony or documents or call him as a witness.  *Id.* Ex. B.  The *Klein* plaintiffs also expressly stated that they did not intend to use any

---

[2] The interrogatories also refer to another individual named Andy Bromberg. According to Doe, Bromberg also loaned money to Kim but was not involved with and did not have knowledge of Kim's transactions with the *Klein* plaintiffs.  Status Report at 1.  Bromberg was the subject of an identical subpoena as Doe, and the interrogatories served in *Klein* requested the same information regarding Bromberg.  *Id.* Ex. A. The interrogatories also asked for any communications between the *Klein* plaintiffs and Doe's and Bromberg's counsel.  *Id.*  On August 19, 2021, the Honorable John J. O'Sullivan of the Southern District of Florida quashed the subpoena served on Bromberg. *Bromberg v. Jae Woo Kim*, No. 21-mc-22049-MGC (S.D. Fla. Aug. 19, 2021) (ECF No. 23).

United States District Court
Northern District of California

discovery from Doe to support an inference that Doe was a creditor of Kim. *Id.* This statement responds to Kim's argument that he needs the subpoenaed information to defend against a potential assertion in *Klein* that he misrepresented to the plaintiffs that he had no other creditors. *See* JDL at 5; *Klein*, ECF No. 15 ¶ 59.

In sum, Kim argues that he needs the subpoenaed materials in order to defend himself against allegations in *Klein*. The *Klein* plaintiffs' unequivocal answers to the interrogatories establish that they do not intend to rely upon any information relating to Doe. The interrogatory responses demonstrate that the proposed discovery from Doe is not relevant to that litigation. The court therefore need not reach the question of undue burden.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the motion to quash the subpoena issued against Doe. This order terminates Docket Nos. 2, 11, 15 and 24.

**IT IS SO ORDERED.**

Dated: November 22, 2021



_____
Donna M. Ryu
United States Magistrate Judge